IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | NO. A-09-CR-049 JRN |
| § | |
| MIGUEL ANGEL CARRANZA-FLORES § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:  THE HONORABLE JAMES R. NOWLIN
     SENIOR UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. The Court conducted a hearing on May 24, 2012, and heard arguments from all of the parties with regard to the U.S. Probation Office's Petition seeking to revoke the Defendant's term of supervised release.

I. PROCEDURAL BACKGROUND

On April 28, 2009, Judge Nowlin sentenced the Defendant to 10 months of imprisonment, followed by three years of supervised release, for illegal reentry after deportation, in violation of 8 U.S.C. § 1326. On November 13, 2009, the Defendant was released from the Bureau of Prisons and removed from the United States to Honduras. On July 9, 2011, the Defendant was arrested in Austin, Texas, and charged with assault, family violence, based on an outstanding warrant arising from an incident on November 9, 2010. On November 11, 2011, in the 167th Judicial District Court of Travis County, Texas, the Defendant was sentenced to two years of confinement for Assault Family Violence, a 3rd Degree felony. Previously, on December 6, 2010, based on the state warrant

and charge, the Probation Office submitted its petition alleging that the Defendant violated his conditions by committing a new offense, and by illegally reentering the U.S. The undersigned authorized the issuance of a warrant that day. The Defendant was arrested on that warrant on May 9, 2012, when the Defendant was released from TDCJ-ID.

On May 24, 2012, the Defendant and his attorney appeared before the undersigned Magistrate Judge for a hearing on the Petition. On the same date, the Defendant and his attorney signed a Consent to Allocution Before United States Magistrate Judge. Pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), this Court held a Supervised Release Revocation Hearing, at which time the Defendant pleaded "True" to the petition and agreed to a sentence of 24 months of imprisonment, pursuant to an agreement with the United States that it would not pursue a new illegal reentry charge.

## II.  FINDINGS OF THE COURT

1. The Defendant was competent to stand trial on the charges against him, and had both a factual as well as a rational understanding of the proceedings against him.

2. The Defendant does not suffer from any physical or mental impairment that would affect his ability to fully understand the charge against him or the consequences of his plea.

3. The Defendant received a copy of the Petition naming him, and he read it.

4. The Defendant understood the Petition and the charges against him and had the opportunity to discuss the Petition and charges with his attorney.

5. The Defendant waived his preliminary hearing.

6. The Defendant voluntarily gave consent to allocute before a U.S. Magistrate Judge.

7. The Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

8. The Government gave a summary of the evidence against the Defendant, to which the Defendant did not object.

9. The plea of true was freely, intelligently, and voluntarily made by the Defendant.

10. The Defendant understood all of his statutory and constitutional rights and desired to waive them.

11. The Defendant violated conditions of his supervised release by committing a new state law offenses, and by reentering the United States without permission.

### III.   RECOMMENDATIONS

The Court has carefully considered all of the arguments and the evidence presented by the Government and the Defendant and RECOMMENDS, based on the original offense and the intervening conduct of the Defendant, that the Defendant's supervised release be REVOKED. The Court has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines. The most serious violation is a Grade A, and the Defendant's criminal history category is III, resulting in an (advisory) guideline range of 18 to 24 months of imprisonment. The Court has also taken into account the agreement between the United States and the Defendant, in which the Defendant agreed to a sentence of 24 months of imprisonment in return for the United States' agreement that it would not pursue a new illegal reentry charge against the Defendant. Having considered all of the above, the undersigned RECOMMENDS that the Defendant be sentenced to 24 months of imprisonment, with no supervised release to follow.

The Court FURTHER RECOMMENDS that the District Judge state in its judgment that the Defendant should receive credit toward this sentence commencing on the date he came into federal custody, May 9, 2012, and that the District Judge recommend to the Bureau of Prisons that the

Defendant be designated to serve his sentence in a facility as close to Austin, Texas as possible.

IV. <u>OBJECTIONS</u>

In writing following the Court stating on the record its recommendation in this case, the parties waived the fourteen day period in which they may file of objections to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglas v. United Services' Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*). Accordingly, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act upon it.

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 29th day of May, 2012.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE